PERFECTION PILE–PRESERVING CO. v. UNITED STATES.

(Circuit Court, W. D. Washington, N. D. July 24, 1905.)

No. 1,261 (1,701).

CUSTOMS DUTIES—CLASSIFICATION—ROUND TIMBER.

In Tariff Act July 24, 1897, c. 11, § 1, Schedule D, pars. 194, 196, 30 Stat. 167 [U. S. Comp. St. 1901, p. 1646], provide, respectively, for "round timber used in building wharves," and for electric light poles, etc.; and paragraph 699, Free List, § 2, 30 Stat. 202 [U. S. Comp. St. 1901, p. 1689], enumerates "round unmanufactured timber * * * not specially provided for." Held, that any round sticks which in their shape as imported are used for any of the purposes specified in said paragraphs 194 and 196, either in the rough or finished, are subject to classification under those paragraphs, rather than under paragraph 699.

On Application for Review of a Decision of the Board of United States General Appraisers.

The decision below overruled the importers' protest against the assessment of duty by the collector of customs at the port of Port Townsend. Note G. A. 5,715 (T. D. 25,407).

Vince H. Faben and John L. Stout, for importers.

Jesse A. Frye, U. S. Atty.

HANFORD, District Judge. The question to be decided in this case is whether timber imported to be used in its natural round shape in the construction of wharves or as spars may be entered free of duty in a rough condition before being shaved or dressed and prepared for use. There is no important difference between the parties with respect to the material facts. The logs were in fact imported in a rough condition; and part of them were used in this country as piles in the construction of wharves, and part were used for poles to support electric light wires, after additional work had been performed in adapting them for such uses, including the operation of creosoting them.

Referring to the Tariff Act July 24, 1897, c. 11, § 1, 30 Stat. 167 [U. S. Comp. St. 1901, p. 1616], we find that Schedule D specifies the tariff rate on different kinds of timber, including sawed boards, planks, laths, pickets, railroad ties, and most every variety of timber in a manufactured state. Paragraph 194 fixes a rate of 1 cent per cubic foot upon "timber hewn, sided, or squared (not less than eight inches square), and round timber used for spars or in building wharves;" and paragraph 196 prescribes a rate of 20 per cent. ad valorem upon telephone, trolley, electric light, and telegraph poles of cedar or other woods. Then, turning to the free list, we find that section 2, par. 699, 30 Stat. 202 [U. S. Comp. St. 1901, p. 1689], exempts:

"Logs and round unmanufactured timber, including pulp-woods, firewood, handle-bolts, shingle bolts, gun-blocks for gun-stocks rough hewn or sawed or planed on one side. hop-poles, ship-timber and ship-planking; all the foregoing not specially provided for in this Act."

This enumeration indicates very strongly the intention of Congress to restrict the free importation of timber to raw material for consumption by manufacturers in this country; and it is my opinion that this paragraph does not include any round sticks to be used in that shape for any of the purposes specified in paragraphs 194 and 196, whether in a rough condition or dressed and finished complete for use at the time of entry.

I therefore confirm the decision of the Board of General Appraisers with respect to the importation of the timber involved in this case.